UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE GOODMAN,<br>   Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Case No. 23-4033 |
| J. B. PRITZGER, et. al.,<br>   Defendants | )<br>)<br>) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified seven Defendants including Governor J.B. Pritzger, Illinois Department of Corrections (IDOC) Director Rob Jefferys, Regional Director Christine Brannon-Dorch, Hill Correctional Center Warden Mark Williams, Medical Director John Doe, Wexford Health Sources, and Grievance Officer Jason Garza.

Plaintiff claims the Defendants have failed to provide needed dental care. Plaintiff has a dental splint and upper and lower dental plates due to the condition of his remaining teeth. On approximately July 20, 2021, his lower dental plate broke into two pieces. Plaintiff repeatedly asked for a replacement so he could properly eat. In

1

response, Plaintiff was advised there was no dentist at Hill Correctional Center, and he would be scheduled for an appointment when there was a dentist on site. Plaintiff says he has still not seen a dentist or received needed care.

Plaintiff says he is unable to eat properly with the broken and damaged dental splint and plates and the continued failure to provide dental care results in additional wear and tear and further damage to his surviving teeth. In addition, Plaintiff says most of remaining teeth are broken or "damaged with large holes" leading to "severe pain." (Comp, p. 5). Plaintiff says there is a policy or practice at Hill Correctional Center to refuse to "fix or repair teeth an instead will only pull them one they are a serious health risk.' (Comp, p. 4).

On August 10, 2022, Plaintiff filed emergency grievances concerning the lack of dental care and his ongoing pain and inability to eat or sleep. Plaintiff was told his grievance would be treated as an emergency, but he received no further response. Therefore, he filed a second emergency grievance on October 6, 2022 which was also approved for emergency review. When Plaintiff again heard nothing further, he sent a copy of both grievances with a letter to Defendant Warden Mark Williams.

On November 10, 2022, Grievance Officer Jason Garza denied Plaintiff's grievance finding it was untimely since the only specific date mentioned in the grievance was September 14, 2018, the day Plaintiff entered Hill Correctional Center. Plaintiff says the officer ignored the fact that the grievance noted Plaintiff was in "constant pain" and he had "been requesting appropriate and meaningful dental care

ever since, without success." (Comp, p. 17). Plaintiff also asked for "Immediate" dental care. (Comp, p. 17). The Warden concurred with the Grievance Officer's decision.

There is no indication anyone checked with medical or dental staff to determine if Plaintiff had requested care or needed additional care or if he was ever provided dental care.

Plaintiff has alleged a violation of his Eighth Amendment rights based on deliberate indifference to his dental condition. However, Plaintiff has not articulated claims against each of the named Defendants. Plaintiff has adequately alleged an individual capacity claim against Defendants Warden Williams, Medical Director Doe, and Grievance Officer Garza based on the denial of dental care.

However, Plaintiff says he is suing Defendants Governor Pritzker, IDOC Director Jefferys, and Regional Director Brannon-Dortch in their individual capacities because they are responsible for providing medical care to inmates. Plaintiff believes they are aware of the problems with medical or dental care due to previous litigation.

"[S]upervisors cannot be held vicariously liable under § 1983 for others' violations." *Tackett v. Jess*, 853 Fed.Appx. 11, 16 (7th Cir. 2021), *citing Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Instead, a plaintiff must allege a defendant was personally responsible for the violation to hold the individual liable under §1983. *Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017). Plaintiff has not adequately alleged these Defendants were personally responsible for his claims, nor that supervisors in their positions would have knowledge of Plaintiff's specific dental problems at Hill

3

Correctional Center. Therefore, the Court will dismiss Defendants Pritzker, Jefferys, and Brannon-Dortch.

Plaintiff also claims he is suing each Defendant in both their individual and official capacities. Suits against IDOC prison officials in their official capacities are suits against their employer, the State of Illinois. *See i.e. Willis v. Tejeda*, 2016 WL 6822662, at *4, FN 2 (N.D.Ill. Nov. 18, 2016), *citing Sanville v. McCaughtry*, 266 F.3d 724, 732–33 (7th Cir. 2001). The Eleventh Amendment bars civil rights lawsuit for damages against a state official in his or her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, Plaintiff cannot sue any IDOC Defendant in his or her official capacity for money damages. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections).

However, a claim for injunctive relief such as a request for dental care is not prohibited if Plaintiff demonstrates his constitutional rights were violated pursuant to an unconstitutional policy, practice, or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The appropriate Defendant to provide injunctive relief is the current Hill Correctional Center Warden. *See i.e. Warren v. Wexford,* 2023 WL 2757158, at *5 (S.D.Ind. April 3, 2023)( current warden "is the appropriate defendant for any injunctive relief claims against the state defendants."). Therefore, Plaintiff may pursue his official capacity claim against Defendant Warden Williams for injunctive relief based on a policy or practice of failing to provide dental care at Hill.

In addition, a claim against an individual doctor in his or her official capacity is the same as a suit against Wexford. *See Holloway v. Delaware County Sheriff,* 700 F.3d 1063, 1071 (7th Cir. 2012). Since suing Medical Director Dr. Doe in his official capacity is unnecessarily "redundant," the Court will dismiss the official capacity claim against the Doctor. *See Hooper v. Lain*, 2015 WL 1942791, at *2 (N.D.Ind. April, 29, 2015).

Finally, Plaintiff cannot sue Wexford in its individual capacity. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). Therefore, Plaintiff may pursue his official capacity claim for damages against Wexford based on a policy or practice of failing to provide care for damaged teeth and failing to provide a dentist or ongoing dental care to Hill Correctional Center inmates.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Hill C.C. Warden Mark Williams, Medical Director John Doe, Wexford Health Sources, and Grievance Officer Jason Garza violated his Eighth Amendment rights when they were deliberately indifferent to his dental condition. Plaintiff has articulated an individual capacity claim against Defendants Dr. Doe and Garza; an official capacity claim against Defendant Wexford; and an individual and official capacity claim against Defendant Williams as noted in this order. Any additional claims shall not be included in the case, except at the Court's discretion on

motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Governor J.B. Pritzger, IDOC Director Rob Jefferys, and Regional Director Christine Brannon-Dortch for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 18th day of April, 2023.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE