UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GEORGE P. GOODMAN, JR.,     )
     )
     Plaintiff,     )
     )
v.     )     Case No. 23-cv-4033
     )
MARK WILLIAMS, *et al.*,     )
     )
     Defendants.     )

<u>ORDER ON MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants Jason Garza, Mark Williams, Dr. Kurt Osmundson, and Wexford Health Sources, Inc. ("Wexford") violated his Eighth Amendment rights when they were deliberately indifferent to his dental needs at Hill Correctional Center ("Hill"). (Doc. 1).

Now before the Court is Defendants Osmundson and Wexford's Motion for Summary Judgment regarding exhaustion of administrative remedies pursuant to Federal Rule of Civil Procedure 56 (Doc. 30); Plaintiff's Response (Doc. 48); and Defendants' Reply (Doc. 51). Defendants Garza and Williams filed a Motion to Adopt Co-Defendants' Motion for Summary Judgment (Doc. 32), which the Court granted on September 26, 2023. For the reasons stated below, Defendants' Motion for Summary Judgment (Doc. 30) is DENIED.

## MATERIAL FACTS

At all relevant times, Plaintiff was an inmate in the custody of the Illinois Department of Corrections ("IDOC") and incarcerated at Hill. Defendant Dr. Osmundson was a physician licensed in the State of Illinois and employed to provide certain medical services at Hill; Defendant Wexford was a corporation contracted to provide certain medical services within the IDOC;

1

Defendant Mark Williams was the Warden at Hill; and Defendant Jason Garza was a Grievance Officer at Hill.

On August 10, 2022, Plaintiff filed grievance 22-08-251E stating that he had not received "meaningful dental care" following his dental intake exam in September 2018. (Doc. 30-1 at pp. 3-4). Plaintiff stated his denture plates were broken, and it was painful to chew his food. *Id.* at p. 4. His "Relief Requested" included: "<u>Immediate</u> replacement of broken and worn dental plates and dental splints. <u>Immediate</u> dental repair and treatment for the extreme constant painful condition of [his] teeth." *Id.* at p. 3 (emphasis in original).

Grievance 22-08-251E named Warden Mark Williams, the unnamed Medical Director of Hill, and Wexford. *Id.* at p. 4. Plaintiff stated they were required by law to provide adequate health care to inmates, and there was no dentist at Hill. *Id.*

On October 27, 2022, Defendant Garza denied grievance 22-08-251E as untimely because "[Plaintiff] admits in the grievance this issue occurred September 14, 2018." (Doc. 30-1 at p. 2). The Chief Administrative Officer ("CAO") concurred on November 1, 2022. *Id.* Plaintiff appealed on November 10, 2022. *Id.* The Administrative Review Board ("ARB") denied the grievance because it was "[n]ot submitted in the timeframe outlined in Department Rule 504." *Id.* at p. 1. The ARB stated "[t]he only date provided in the grievance is September 2018 which is outside the 60 day timeframe." *Id.*

Plaintiff filed grievance 22-10-108E on October 6, 2022, and complained he had not received a response to grievance 22-08-251E. *Id.* at pp. 5-6. The CAO deemed grievance 22-10-108E an emergency grievance on October 13, 2022. *Id.* at p. 1.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's "favor toward the nonmoving party does not extend to drawing 'inferences that are only supported by speculation or conjecture.'" *Id*. To successfully oppose a motion for summary judgment, a plaintiff must do more than raise a "'metaphysical doubt' as to the material facts, and instead must present definite, competent evidence to rebut the motion." *Michael v. St. Joseph Cnty.*, 259 F.3d 842, 845 (7th Cir. 2001) (internal citation omitted). Plaintiff is the non-moving party, and the evidence and all reasonable inferences are viewed in the light most favorable to him. *Anderson*, 477 U.S. at 255.

## EXHAUSTION STANDARD

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from filing lawsuits pursuant to § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit, *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 2009), and applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

3

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion means completing all stages of the process in a timely and proper manner. *Id*. at 1024. An inmate cannot satisfy the requirements by filing an untimely or otherwise procedurally defective grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006). If the inmate fails to exhaust before filing suit, the court must dismiss the suit. *Jones v. Bock*, 549 U.S. 199, 223 (2007); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense; the defendants have the burden of proving the inmate had available remedies he did not utilize. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Plaintiff was required to follow the grievance procedures described in the regulations provided by the IDOC. 20 Ill. Admin. Code § 504.800, *et seq*. In Illinois, inmates may utilize (1) a normal, non-emergency grievance procedure, or (2) an emergency grievance procedure. Under the non-emergency procedure, inmates must follow a three-step process.

First, the inmate must submit a grievance to his or her counselor "within 60 days after the discovery of the incident" giving rise to the grievance, explaining factual details regarding "each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint." § 504.810(a), (c). If the names of each person are unknown, then "the offender must include as much descriptive information about the individual as possible." *Id.* at (c).

Second, if the inmate is dissatisfied with his counselor's response, he must file the grievance with the grievance officer for further review, who will then make a report of findings and recommendations in writing to the CAO. §§ 504.810(a), 504.830(e).

Finally, if the grievance officer denies the grievance and the CAO concurs with that decision, the inmate must appeal to the ARB within thirty days, attaching the grievance officer's report and the CAO's decision to the appeal. § 504.850(a). The ARB will submit a written report of its findings and recommendations to the Director, who will make a final determination of the grievance within six months, when reasonably feasible under the circumstances. *Id*. at (d)-(e). Under this normal, non-emergency procedure, the inmate's administrative remedies are exhausted when he receives a final determination from the ARB and the Director. *Id*. at (e).

A different procedure exists for emergency grievances. Inmates may submit emergency grievances directly to the CAO. § 504.840. The CAO will determine if there is "a substantial risk of imminent personal injury or other serious or irreparable harm" to the inmate that warrants the grievance being handled on an emergency basis. *Id.* at (a). If the CAO classifies the grievance as an emergency, the CAO "shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken." *Id*. at (b). After receiving a response from the CAO, if the inmate believes that his problem or complaint has not been resolved, he may appeal in writing to the ARB. § 504.850(a). When an inmate appeals a grievance that has been deemed emergent by the CAO, the ARB "shall expedite the processing of the grievance." § 504.850(f).

## ANALYSIS

Plaintiff filed grievance 22-08-251E on August 10, 2022, in which he complained about ongoing dental issues and the lack of treatment. (Doc. 30-1 at pp. 3-4). Plaintiff requested immediate replacement of his broken and worn dental plates and dental splints and "treatment for the extreme constant painful condition of [his] teeth." *Id.* at p. 3.

The parties do not dispute that Plaintiff followed the necessary procedural steps to exhaust his administrative remedies prior to filing suit. The dispositive issue is whether Plaintiff complied

5

with the section of the grievance rules that required him to include "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint" and if he filed a grievance "within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." § 504.810(a), (c).

According to Defendants, Plaintiff did not exhaust his administrative remedies because grievance 22-08-251E generally complained he had an intake dental examination in 2018 and has not received "meaningful dental care." (Doc. 30 at p. 7). Defendants assert it is "entirely unclear what 'meaningful dental care' means and grievance 22-8-251E does not explain." *Id.* Defendants also argue there was no mention of Dr. Osmundson by name in grievance 22-08-251E. *Id.* Although Plaintiff named the Medical Director in his grievance, he made no mention of what he did, failed to do, or should be required to do. *Id.* Finally, Defendants claim Plaintiff should have filed another grievance that included the requisite amount of detail after the grievance counselor, CAO, and ARB advised him that his grievance could not be addressed on the merits. *Id.* at p. 8.

In his Response, Plaintiff asserts that grievance 22-08-251E contained sufficient factual details and "clearly identifies the issues of the denial of dental care as 'ongoing' in two separate places." (Doc. 48 at p. 6, ¶ 1). Plaintiff states he filed the grievance immediately after the return of his fifth medical request form seeking dental care for a broken denture plate, ongoing damage to teeth, broken teeth, cuts and sores in his mouth, and the inability to chew. (Doc. 48 at p. 13). Plaintiff states that this medical request form was attached to his grievance along with an accompanying memorandum stating that there was no dentist. *Id.* Plaintiff also argues that the grievance specifically stated he had been continually denied dental care "due to the constant and

ongoing pain" and needed a denture plate and dental splint. *Id.* Plaintiff argues that his grievance was timely due to the ongoing nature of the issues being grieved. *Id.* at p. 14.

In their Reply, Defendants assert that grievance 22-08-251E did not specify any date or occurrence except for his intake exam in September 2018. (Doc. 51 at p. 6). Defendants argue that the alleged attachments accompanying Plaintiff's grievance are irrelevant, and Plaintiff should have grieved conduct or an incident regarding a specific date, such as the date his fifth medial request form was returned. *Id.* Defendants claim that if Plaintiff had done so, his grievance would have been considered timely and could have served to alert the facility of his complaint. *Id.*

Here, grievance 22-08-251E clearly raises the medical issues that underlie this suit and concerns the ongoing denial of dental care. The grievance named Defendants Wexford, Williams, and the "John Doe" Medical Director. "In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (citing *Parzyck v. Prison Health Servs. Inc.*, 627 F.3d 1215, 1219 (11th Cir. 2010) (prisoner "not required to initiate another round of the administrative grievance process on the exact same issue each time" a deprivation occurred); *Howard v. Waide*, 534 F.3d 1227, 1244 (10th Cir. 2008); *Johnson v. Johnson*, 385 F.3d 503, 521 (5th Cir. 2004)). Separate complaints about particular incidents are only required if the underlying facts or the complaints are different. *See, e.g., Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011) (distinguishing *Johnson* and another case finding exhaustion, because in those cases the underlying complaint was the same); *Moore v. Bennette*, 517 F.3d 717, 728–29 (4th Cir. 2008) (finding no exhaustion where prisoner complained of inadequate medical care for Hepatitis C but not for gout). "Thus, once a prison has received notice

of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley*, 729 F.3d at 650.

Exhaustion is an affirmative defense, and the burden is on the Defendants to prove by a preponderance of the evidence that an administrative remedy was available to the Plaintiff and that he failed to exhaust that remedy. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005). Defendants have not met their burden. Grievance 22-08-251E adequately notified Hill officials of the purported indifference of Defendants Wexford, Williams, and Osmundson with respect to Plaintiff's ongoing dental issues and gave officials the opportunity to correct the problem.

Grievance 22-08-251E does not mention Defendant Garza or include any allegations related to him. However, in grievance 22-10-108E, Plaintiff complains about staff members' failure to respond to his emergency grievance regarding his dental needs. (Doc. 30-1 at pp. 5-6). In grievance 22-10-108E, Plaintiff states that "[t]he Grievance Counselor, Grievance Officers, and Chief Admin. Officer Mark Williams are responsible for this ongoing misconduct, and thereby legally liable." *Id.* at p. 6. Defendants did not address whether Plaintiff exhausted his administrative remedies regarding Grievance 22-10-108E, and Defendants Garza and Williams did not address this issue in their Motion to Adopt Co-Defendants' Motion for Summary Judgment. (Doc. 32).

Defendants Osmundson and Wexford's Motion for Summary Judgment is DENIED. The Court finds that Plaintiff exhausted his administrative remedies on his deliberate indifference claim against Defendants Osmundson and Wexford. As a result, summary judgment is also denied for Defendants Garza and Williams, who joined Defendants' Motion for Summary Judgment.

**IT IS THEREFORE ORDERED:**

1)    Defendants Osmundson and Wexford's Motion for Summary Judgment [30] is DENIED. This case shall proceed on Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Osmundson, Wexford, Garza, and Williams.

2)    The discovery deadline is RESET for July 31, 2024, and the dispositive motions deadline is RESET for August 30, 2024.


ENTERED:  3/27/2024

s/ James E. Shadid
James E. Shadid
United States District Judge